### J. L. MOTT IRON WORKS *v.* CASSIDY and others.

*(Circuit Court, S. D. New York. March 22, 1887.)*

PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY.
Letters patent No. 199,806 were granted January 29, 1878, to one John Demarest for an improvement in slop-safes for water-closets, consisting of a safe or safety-plate made of cast-iron in a certain form. Slop-safes of substantially the same form and for the same purpose had been previously made of lead or wood, covered with lead to such an extent as to become a matter of common knowledge, and in 1877 a patent was granted to another person for a similar device in which porcelain was used. *Held*, in a suit by said Demarest brought upon his patent, that his invention was wanting in patentable novelty, and his bill must therefore be dismissed.

In Equity.
*Francis Forbes*, for orator.
*Arthur v. Briesen*, for defendants.

WHEELER, J. This suit is brought upon letters patent No. 199,806, dated January 29, 1878, granted to John Demarest for an improvement in slop-safes for water-closets. Such slop-safes, of substantially the same form and for the same purpose, had previous to this invention been made of lead, or of wood covered with lead, to such an extent as to have become a matter of common knowledge. A similar device called a drip-tray, made of porcelain or other earthenware, is described in letters patent No. 197,629, dated November 27, 1877, and granted to Charles Harrison, for an improvement in drip-trays for water-closet bowls. The patent in suit described a safe or safety-plate, of cast-iron, with an upward rim or flange at the sides and back to prevent slops running over the edge, made dishing towards a central opening in the middle, with a downward flange around that opening. The claim is for the slop-safe for water-closets made of cast-iron, having the downward flange and the upward flanges, as and for the purposes set forth. In the patent to Harrison it is said:

"The upper surface, $E^1$, of the tray inclines from all sides towards the center, and the interior portion, $E^2$, which forms the boundary in the opening in the

tray, conforms to the shape of the upper end of the bowl, and overlaps the flange, B. The tray is provided at its outer edges with the vertical flanges, $E^3$. The inclining of the upper surface from all sides gives the dishing form. In the drawings, $E^2$ is a downward flange around the central opening; and $E^3$ are upward flanges at the back sides and front."

Here are all the elements of the claim of the patent in suit, with the addition of the flange in front, which is immaterial. That would have nothing to do with the operation of the flanges at the back and sides. The real difference between the tray of that patent and the safe of this is that tray is made of porcelain or earthenware and this of cast-iron. What Demarest really invented beyond what was known before was making these things of cast-iron, a well-known material, instead of making them of lead, or wood covered with lead, or of porcelain or other earthenware. It is shown and conceded that these cast-iron trays are good articles, and have largely superseded the others, and gone into general use, since Demarest's invention. These facts show utility, but do not of themselves show patentable novelty. There must be something amounting to invention apart from mere usefulness however great. *Hollister* v. *Benedict Manuf'g Co.*, 113 U. S. 59, 5 Sup. Ct. Rep. 717; *Thompson* v. *Boisselier*, 114 U. S. 1, 5 Sup. Ct. Rep. 1042. The use of one old material in place of another, when the substituted material performed no new function and is an improvement because it is more durable, does not appear to amount to patentable invention. *Hotchkiss* v. *Greenwood*, 11 How. 248; *Hicks* v. *Kelsey*, 18 Wall. 670; *Gardner* v. *Herz*, 118 U. S. 180, 6 Sup. Ct. Rep. 1027. This is all that Demarest appears to have done. The patent is therefore apparently void for want of any patentable invention to found it upon.

Let a decree be entered dismissing the bill of complaint with costs.