KILBOURNE *et al. v.* W. BINGHAM Co.

*(Circuit Court, N. D. Ohio, E. D.* July, 1891.)

**PATENTS FOR INVENTIONS—INFRINGEMENT—SINKS.**
Letters patent No. 240,146, granted April 12, 1881, to James Kilbourne, for a sink which is to be manufactured by swaging or striking up from a single sheet of wrought steel or iron, are void for want of invention.

In Equity.

Suit for infringing letters patent No. 240,146, granted April 12, 1881, to complainant James Kilbourne for a sink. Claim first, which is in issue in this case, reads as follows:

"The herein-described sink, made of a single sheet of wrought steel or iron, without joint, seam, or interior angle, substantially as set forth."

The patentee, in his specifications, says:

"My invention consists of a sink swaged or struck up from a single sheet of wrought iron or steel, without joint, seam, or interior angle. Heretofore, so far as I am informed, sinks have been made of cast-metal. Sinks of this kind are neither strong nor durable. They break easily and frequently in shipping or in storing them, and also in placing or setting them in position for use. They are also liable to fracture or break if water should freeze in them; and, in order to give them the *modicum* of strength which they possess, a considerable amount of metal must be used in their construction, making them cumbersome and heavy, and increasing expenses of manufacture.

"I have discovered that the above-specified defects can be completely removed by making the sink of wrought iron or steel, said sink being swaged or struck up from a single sheet of such metal, as hereinbefore first specified.

"Such a sink is, of course, stronger than one of cast-metal, and is not liable to be fractured or broken by a sudden jar or blow. It is cheaper than a cast-metal sink, for the reason that much less metal is required in its construction, and it can be, by the swaging operation,—as, for instance, by being struck up in a drop-press,—made more rapidly and economically.

"And, again: The sink being, as seen in the drawings, without interior angle, has practically equal strength at all points, and has no corners where sediment or dirt can gather."

*M. B. Leggett* and *Watson, Burr & Livesay,* for complainant.

*Briesen & Knouth, H. M. Turk,* and *Arthur v. Briesen,* for defendants.

Before SAGE and RICKS, JJ.

SAGE, J., *(after stating the facts as above.)* The complainant's sink differs in no respect whatever from sinks manufactured by him and others prior to his patent, and in general use, excepting that it is constructed of wrought iron or steel, swaged or struck up from a single sheet, by a process which is old and perfectly well known. The material is old; the mode of manufacture is old; and the only thing claimed in addition to what is set forth in the specification, to support the invention, is that the result is a new manufacture, having the advantage over the old that. whereas cast-iron is porous, and therefore absorbs impurities, and gives out unpleasant and unhealthful odors, the wrought iron or steel is impervious, and free from that objection.

There may be novelty in that precisely this construction for a sink is new, but there is not invention. It is true that in *Hotchkiss* v. *Greenwood*, 11 How. 248, where the patent was for an improvement in making door and other knobs of clay or porcelain, instead of iron, brass, wood, or glass, which was held to be nothing more than the substitution of one material for another in constructing the article, the court said that the clay or porcelain door-knobs had no properties or functions which other door-knobs, made of different materials, had not. Like expressions are to be found in other cases, as in *Hicks* v. *Kelsey*, 18 Wall. 670. But in each case where a patent has been sustained by reason of the use of new material it has been upon a finding, on the facts and circumstances of the case, that invention was displayed.

There is no doubt, as stated by Mr. Phillips, in his work on Patents, page 134, that "there may be cases in which the substitution of a different material may be matter of contrivance or invention, and in such case the particular mode of applying the new material would be a good subject of a patent."

In the case of *Hotchkiss* v. *Greenwood*, the court announced that superiority of material cannot be itself the subject of a patent, and that "the meaning of the doctrine is that the superiority must extend beyond mere comparative cheapness or durability, or adaptation to the purpose for which the old material was used, and must lead to some change in the construction or mode of operation." Many other cases might be cited, but it is not worth while. The doctrine is well known, and well understood.

In this case, not only was the material old, and its qualities, including that which it is claimed sustains the patent, perfectly well known, but it is shown by the defense that various structures, manufactured in the same way, and from the same material, without joint, seam, or interior angle, were manufactured and in public use long before the date of the complainant's alleged invention. Among these is a bidet pan, manufactured in New York as far back as 1876; a butler's tray, in common use before 1880; a flanged baking-pan, resembling in shape the complainant's sink, made of wrought iron or steel, before 1880; and there is testimony that articles like that exhibit have been stamped for eighteen or twenty years in large quantities. So, also, oval and round dish-pans, round wash-boilers, oblong bake-pans, perforated and solid wash-bowls, umbrella drips, and scoop-trays, were stamped out of sheet-metal before 1880.

Without entering upon a consideration of the patents shown in anticipation, what has already been said is more than sufficient to establish that there is no merit in the complainant's patent.

The bill will be dismissed.