## BRUNSWICK–BALKE–COLLENDER CO. v. PHELAN BILLIARD BALL CO.

### (Circuit Court, S. D. New York. April 7, 1896.)

PATENTS—INVENTION—POOL-BALL FRAMES.
    Patent No. 228.879, for a pool-ball frame with rounded corners, and made of layers of · wood bent into triangular shape, and glued or fastened together, is void as being the result of mere mechanical skill.

This was a suit in equity by the Brunswick-Balke-Collender Company against the Phelan Billiard Ball Company for alleged infringement of a patent for an improvement in pool-ball frames.

H. D. Donnelly, for plaintiff.
Frederick P. Foster, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 228,879, for a pool-ball frame with rounded corners. The inventor in the specification said:

"Previous to my invention it has been customary to make the triangular ball holders used in placing the balls for the game of 'fifteen-ball pool' (and other games played with fifteen balls) on billiard tables of three straight strips or pieces of wood joined at their adjacent ends to form the angles of the frame, and to strengthen the frame at these angles by interiorly placed corner blocks, glued or otherwise fastened in, and sometimes to further strengthen the angles or corners by metallic angle plates applied exteriorly to the frame. My invention has for its object to produce a 'triangle' or ball frame which can be made much lighter, and also much stronger and more durable, than those heretofore manufactured, while at the same time its manufacture can be accomplished at much less cost than that of the construction or kind of frames heretofore made, and in its use it will be free of all the objections found in the use of the old-fashioned ball frame. To these ends and objects my invention consists in a triangle or ball frame composed of several layers or thin strips of wood bent round into the requisite shape, and glued (or otherwise fastened) together; all as will be hereinafter more fully explained."

The claims are for:

"(1) A ball frame or triangle composed of wood or other suitable material, and formed with three interior and exterior curved or rounded corners, substantially as and for the purposes set forth. (2) A ball frame having curved or rounded corners, and made of a series of layers of wood bent into triangular shape, and having their adjacent surfaces glued or otherwise fastened together, as and for the purposes set forth."

Thus the invention consisted, as to the form of the structure, in rounding the corners of the old frames; and, as to material, in using layers of wood glued together. The new structure accomplishes nothing different, or in any different way, from the old. It is lighter and safer because the corners are dispensed with, and they can be dispensed with by using proper materials. Neither cutting off an objectionable corner nor using better materials appears to amount to anything patentable. They are of the works of a mechanic, and not of those of an inventor. Hotchkiss v. Greenwood, 11 How. 248; Reckendorfer v. Faber, 92 U. S. 347; Thompson v. Boisselier, 114 U. S. 1, 5 Sup. Ct. 1042. Bill dismissed.