BRUNSWICK-BALKE-COLLENDER CO. v. PHELAN BILLIARD-BALL CO.

(Circuit Court of Appeals, Second Circuit. February 23, 1897.)

PATENTS—INVENTION—NOVELTY.

The Collender patent, No. 228,879, for a pool-ball frame with rounded interior and exterior corners, and made of layers of wood bent into triangular shape, and glued or fastened together, the layers preferably breaking joints, is void, as being the result of mere mechanical skill. 76 Fed. 978, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity by the Brunswick-Balke-Collender Company against the Phelan Billiard-Ball Company for alleged infringement of a patent for an improvement in pool-ball frames. The cir-

cuit court held that the patent was void for want of invention, and dismissed the bill. 76 Fed. 978. The complainant has appealed.

M. B. Phillips, for appellant.

Henry A. Forster, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The bill in equity of the complainant charged an infringement by the defendant of letters patent No. 228,-879, issued on June 15, 1880, to Hugh W. Collender, as assignee of Stephen De Gaetano, for an improvement in pool-ball frames. The circuit court for the Southern district of New York dismissed the bill. 76 Fed. 978. The following extracts from the specification describe the invention with sufficient fullness:

"Previous to my invention, it has been customary to make the triangular ball-holders, used in placing the balls for the game of 'fifteen ball pool' (and other games played with fifteen balls) on billiard tables, of three straight strips or pieces of wood, joined at their adjacent ends to form the angles of the frame, and to strengthen the frame at these angles by interiorly-placed corner-blocks, glued or otherwise fastened in, and sometimes to further strengthen the angles or corners by metallic angle-plates applied exteriorly to the frame. My invention has for its object to produce a 'triangle' or ball-frame which can be made much lighter, and also much stronger and more durable, than those heretofore manufactured, while at the same time its manufacture can be accomplished at much less cost than that of the construction or kind of frames heretofore made, and in its use it will be free of all the objections found in the use of the old-fashioned ball-frame. To these ends and objects, my invention consists in a triangle or ball-frame composed of several layers or thin strips of wood bent round into the requisite shape, and glued (or otherwise fastened) together. My new frame is composed of several or numerous strips or thin layers of wood, or of several strips of veneer, which are placed in close contact and perfectly united throughout their lengths, by preference in such an arrangement that no two of the end jointures of the strips occur at the same locality. My improved ball-frame, instead of having angles, has three rounded corners, so to speak, the circular curvature of each of which (at the inner surface of the frame) should correspond substantially with the curvature of the pool-ball."

The claims of the patent are as follows:

"(1) A ball-frame or triangle composed of wood or other suitable material, and formed with three interior and exterior curved or rounded corners, substantially as and for the purposes set forth. (2) A ball-frame having curved or rounded corners, and made of a series of layers of wood bent into triangular shape, and having their adjacent surfaces glued or otherwise fastened together, as and for the purposes set forth."

The gist of the improvement was a frame which, abandoning angles or sharp corners, should be a continuous, hoop-like structure, instead of a frame of three separate pieces joined at the three corners. Whether the inventor had in his mind, or in his specification, the idea of a frame composed of a single piece of wood, is denied by the defendant and is affirmed by the complainant. We assume that such a construction was sufficiently disclosed in the specification, and was described in the first claim. It is admitted that before the date of the alleged invention there were pool-ball frames which had their corner pieces made with interior curved surfaces, so as to conform substantially to the curvature of the balls. This fact destroys any patentable novelty in making a pool-ball frame with interior and exterior curved or rounded corners, and restricts the patentable character of the invention of the first claim to a frame made of a con-

tinuous strip or band of wood, or other suitable material, instead of a frame made of three strips joined together at the corners. Nothing of an inventive character can exist in the change from a triangular shaped frame made of three separate pieces of wood into the same general style of frame made of one bent piece of wood. The second claim is for a frame of curved or rounded corners, and made of a series of layers or veneers of wood, glued or fastened together, and bent into triangular shape. Preferentially, the ends can be joined together at different places on the frame, so as to break joints and secure greater strength. The novelty, in addition to the rounded corners, consists in the method of construction, whereby additional strength is imparted to the frame. It would hardly be claimed that the described mode of construction, by layers of wood joined together, is a new method of making any wooden article or structure, but it undoubtedly was a new method of making this article; and it made the frame stronger, and less liable to crack or to be strained at the corners. In like manner, the iron curve of the wagon reach in Hicks v. Kelsey, 18 Wall. 670, made a better, more durable, and more solid wagon reach than the pre-existing reach, which had a wooden curve, with or without strengthening straps of iron. But these advantages, the court thought, resulted from superiority of construction, and were the product of mechanical judgment in regard to the use of materials. The improvement in this case is of the same mere mechanical character. The decree of the circuit court is affirmed, with costs.