UNION HARDWARE CO. v. SELCHOW et al.

(Circuit Court, S. D. New York. December 31, 1901.)

1. PATENTS—INVENTION—SUBSTITUTION OF MATERIAL.

The substitution of one material for another in an existing structure, the effect of which is to render it lighter, cheaper, and stronger, but which does not change its mode of operation or increase its utility, does not rise to the plane of invention.

2. SAME—TRUCKS FOR ROLLER SKATES.

The Hoerle patent. No. 508,617, for an improvement in trucks for roller skates, which consists of making the truck frame from a single blank of sheet steel, instead of from cast steel, as previously done, does not disclose invention, and is void.

In Equity. Suit for infringement of patent. On final hearing.

This is a suit for the infringement of letters patent No. 508,617 granted November 14, 1893, to the complainant, as assignee of Christian G. Hoerle, the inventor, for an improvement in trucks for roller skates. The patentee says:

"My invention relates to roller skates and more particularly to an improvement in the trucks, its object being to make the trucks lighter, stronger and at the same time cheaper than those now in use. To this end my invention consists in blanking the framework of the truck from a single piece of sheet metal and form it into the proper shape to support the axle and to provide suitable means for attaching it to the platform or sole plate of the skate, which improvement will be more fully set forth and described in the following specification and such features as I believe to be new and novel particularly pointed out in the claims to follow. * * * In the construction above described I produce a frame much lighter, cheaper and stronger than the ordinary cast metal truck frame now employed. Besides, such a construction is equally well adapted in use to be applied in the construction of casters for beds, tables, chairs and other like articles. Therefore I do not wish to be strictly confined in its use to roller skates, but to employ it in other lines as well."

The claims alleged to be infringed are the first and third. They are as follows:

"(1) In a roller skate or other device of like character, an improved article of manufacture consisting of a roller-truck frame made from a single metal blank formed into the proper shape to be attached to the footplate of the skate and means substantially as shown for attaching it thereto, a bend or eye formed at or near the lower depending end of such frame for supporting the axle for the rollers, substantially as set forth.

"(3) As an improved roller truck of the character described consisting of the metal blank as shown, having the central portion, 1, to form the axle support, arms, a, b, indentations or ribs, f, formed by depressing the stock therein plates, c, d, for supports, said blank arranged in the form substantially as shown and for the purpose described."

Prior to the patent trucks for roller skates had been made of cast metal. Hoerle substituted sheet metal. The change made will be readily appreciated by placing diagrams of the two structures in juxtaposition.

Cast-metal truck of prior art.    Sheet-metal truck of the patent.

The defenses are lack of patentability and noninfringement.

H. A. Seymour and Worth Osgood, for complainant.
Henry M. Brigham, for defendants.

COXE, District Judge (after stating the facts). The patentee substituted sheet metal for cast metal as the material for roller skate trucks. This is the beginning and end of his achievement. It is not pretended that any new function or result is attributable to the change. The skate operates in all its parts precisely as it

did when the cast metal truck was used. The two structures are slightly different in appearance, but these differences are only such as are incident to the material used respectively.

The only advantages pointed out in the patent and in the proofs are that the new truck is lighter, cheaper and stronger than the old one. But these qualities are due, not to inventive skill but to good judgment in selecting the metal from which the trucks are made. There is not even a change of material as in the doorknob case (Hotchkiss v. Greenwood, 11 How. 248, 13 L. Ed. 683), but simply a change from one variety to another of the same material, namely from cast steel to sheet steel. If invention is to be predicated of such a change in the trucks it must necessarily be extended to similar changes in other parts of the skate. For instance, the substitution of hard rubber, or even a different kind of wood, as the material for the wheels would be sufficient to support a patent, provided the change made the structure cheaper, lighter and stronger. Invention has never been permitted to rest upon such changes alone. It is true that patents have been upheld for inventions involving change of material, but in every instance some new and useful result was accomplished or the old result was accomplished in a much better way. Where the inventor has discovered new and unknown properties residing in a given material or that a long sought for result, which has baffled an army of skilled artisans, can be achieved by the change, in such cases the substitution of one material for another may reach the plane of invention. But substitution alone, unaccompanied by any actual advance in the art or genuine benefit to the public, has uniformly been held insufficient to support a patent.

These differences are well illustrated by a comparison of this cause with George Frost Co. v. Cohn (decided contemporaneously) 112 Fed. 1009. The court has considered these causes together because it is difficult to conceive of better illustration of the rule referred to. Both involve a change of material in existing structures, but in the one instance the skate operates after the change precisely as it did before, and in the other a hose supporter which does not support is converted, by the change, into a hose supporter which does support. In the former case, by the use of cheaper, lighter and stronger metal the skate is made cheaper, lighter and stronger, in the other, the substitution of a rubber button for a metal button transformed a destructive and inoperative device into a highly successful one.

In Hicks v. Kelsey, 18 Wall. 670, 21 L. Ed. 852, Mr. Justice Bradley states the case as follows:

"The question is whether the mere change of material—making the curve of iron instead of wood and iron—was a sufficient change to constitute invention; the purpose being the same, the means of accomplishing it being the same, and the form of the reach and mode of operation being the same."

This question was answered in the negative and, as it is the precise question presented in the case at bar, the decision is controlling.

Hotchkiss v. Greenwood and Hicks v. Kelsey have been followed by an almost unbroken line of authorities since. Among those

most closely approximating the case at bar are the following: Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574; Iron Works v. Cassidy (C. C.) 31 Fed. 47, 24 Blatchf. 289; Kilbourne v. W. Bingham Co., 1 C. C. A. 617, 50 Fed. 697; Roofing Co. v. Garwood (C. C.) 35 Fed. 658; Strom Mfg. Co. v. Weir Frog Co., 27 C. C. A. 502, 83 Fed. 170.

It follows that the bill must be dismissed, with costs.