CRAWFORD, McGREGOR & CANBY CO., et al. v. THOMAS E. WILSON & CO.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 225.

**Patents ⬅310(9)—Not clear beyond all reasonable doubt that substitution of galalith in golf club cannot be invention.**

It is not clear beyond all reasonable doubt that the substitution of galalith in a golf or game club cannot be invention; hence a decree dismissing the complaint on motion before answer, on the ground that such a patent was void on its face for lack of patentable invention, was reversible error.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Crawford, McGregor & Canby Company and another against Thomas E. Wilson & Co. From a decree dismissing the complaint on motion before answer, complainants appeal. Reversed.

This appeal is from a decree of the District Court for the Southern District of New York, dismissing, on motion before answer, the complaint on the ground that the patent in suit was void on its face for lack of patentable invention. The complaint in usual form was filed on United States letters patent No. 1,449,559, issued on March 27, 1923, to Walter Byrd So Relle for a game club. Plaintiff Yardsmore Golf Club Manufacturing Co. is assignee of So Relle, and the other plaintiff is exclusive licensee.

"This invention," the patentee states, "relates to game clubs, such as golf clubs, and has for its object to provide an improved striking portion to impart a higher velocity and increase the travel of the ball. Different substances inserted in driving face of clubs have been used, but they are defective for one or more reasons. * * * I have discovered that a casein material, one form of which is known as galalith, overcomes the objections to previous materials, and gives decidedly more distance, as in a golf driver, brassy or spoon. This material is better adapted to striking surfaces and imparting a greater distance to the ball than any materials previously employed for inserts or facings, such as ivory, wood, hard rubber, vulcanized fiber, glass, lead, bakelite, horn, rubber, celluloid, fiber compositions, etc."

Claims 1 to 8 (except 5) are relied upon. Claim 3 reads: "A golf club having at least a portion of its striking face of galalith." Claim 4 reads: "A game club provided with a wooden impact portion and having a galalith insert in its striking face." Claim 7 reads: "A game device for striking elastic objects having at least a portion of its head of galalith."

Julian S. Wooster, of New York City (Frederick S. Duncan, of New York City, of counsel), for appellants.

Charles Neave and Stephen H. Philbin, both of New York City, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). Claim 3 relates to a golf club; claim 4 to any "game" club; claim 7 to a

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"game device for striking elastic objects." The other claims of which these are typical are equally simple.

The question, briefly stated, is whether, on mere inspection of the patent, the court as matter of law can here say that there is not invention. That is another way of saying that the court determines a question of fact on the face of the patent, and that the presumption of validity is at once overcome. There is a temptation so to rule where, because of private knowledge, the court is familiar with the subject-matter, and where, therefore, the alleged invention seems obvious to the ordinary man, not to speak of the traditional one skilled in the art; but one of the dangers frequently present in such summary dispositions is the inability to draw the rather fine line which, at times, separates judicial from private knowledge. Mallory S. S. Co. v. Mitchell (C. C. A.) 291 Fed. 53.

This is well illustrated by the letters patent (submitted by both counsel), in cases where the courts, as the case may be, have or have not held patents void on their face. Such examples do not help. Whether or not, within certain settled doctrines, there is invention, is in each case a controverted question of fact, which might be differently decided by different triers of the facts, just as one jury on the same facts might find for a plaintiff, and another jury might find for a defendant. In Luten v. Kansas City Bridge Co. (C. C. A.) 285 Fed. 840, 844, 845, Judge Sanborn, citing many well-known cases, recently restated the rule here applicable thus:

"The question in this case, therefore, is whether it is clear, beyond all reasonable doubt, from the complaint, the patents, and the common knowledge of the art, of which the court may lawfully take cognizance, that no testimony or evidence could be produced that might convince that any of the combinations claimed and patented to the plaintiff rose to the dignity of an invention."

The question here is whether, in effect, the court can say that it is "clear, beyond all reasonable doubt" that the substitution of galalith (a far from well-known substance) in a golf or game club cannot be invention. There are some cases where substitution has been held to be invention, and others where invention was not found in mere substitution. Many of these cases are collated in Columbia Metal Box Co. v. Halper, 220 Fed. 912, 136 C. C. A. 478. In that case, the rule, as stated by Judge Coxe, was approved by this court in the following language:

"Whether the substitution of one material for another amounts to patentable invention depends upon circumstances, and the rule governing the subject was well stated by Judge Coxe in Union Hardware Co. v. Selchow (C. C.), 112 Fed. 1006 (1901). It was there said: 'Where the inventor has discovered new and unknown properties residing in a given material, or that a long sought for result, which has baffled an army of skilled artisans, can be achieved by the change, in such cases the substitution of one material for another may reach the plane of invention. But substitution alone, unaccompanied by any actual advance in the art, or genuine benefit to the public, has uniformly been held insufficient to support a patent.'"

Applying the principles summarized in the Luten and Columbia Metal Box Co. Cases, supra, we cannot hold that invention is not disclosed on the face of the patent here concerned.

Decree reversed, with costs.