## BRIGGS v. DUELL.

(Circuit Court, D. Connecticut. March 29, 1898.) No. 912.

PATENTS—REISSUE—APPARATUS FOR PLANING CAKES OF ICE.

The incorporation, into the first claim of the Briggs patent, No. 367,267, for an apparatus for planing cakes of ice (which claim was adjudged invalid by the circuit court of appeals), of new matter describing a cutter consisting of a number of points which will not only cut but groove the ice in one operation, and of an ice elevator adapted to positively force the ascending cakes into contact with the cutter, would not make the claim patentable so as to warrant a reissue.

This was a bill in equity by John N. Briggs against C. H. Duell, commissioner of patents, to obtain a decree that complainant is entitled to a reissue of his patent, No. 367,267, for an apparatus for planing cakes of ice.

Benj. F. Lee (Pollock & Mauro, on the brief), for complainant.
W. A. Megrath, for defendant.

TOWNSEND, District Judge. Bill in equity for a decree that applicant is entitled to a reissue of patent No. 367,267 in accordance with the provisions of Rev. St. § 4915. On July 26, 1887, said patent was issued to the complainant for "an apparatus for planing cakes of ice." The first claim in his original application had been rejected, and, as amended, was as follows:

"The combination, with the cutter-head and the racks directly attached thereto, of the guides for both cutter-head and the racks, arranged perpendicularly to the plane of the elevator, the pinions mounted on said guides and engaging in said racks, and the levers or arms for operating said pinions, all constructed substantially as described, so that the depth of the cut may be directly and positively regulated by means of the levers, as herein specified."

In a suit for infringement of this claim Judge Coxe held that said claim must be limited to the precise mechanism described, and that the claim as thus limited was not infringed. Briggs v. Ice Co., 54 Fed. 376. Upon appeal the circuit court of appeals held that, in view of the prior art, the claim was destitute of patentable novelty. Id., 8 C. C. A. 480, 60 Fed. 87. The complainant thereupon amended his claims, and applied for a reissue of said patent. One of the amended claims was as follows:

"(3) The combination with the cutter-head and the racks directly attached thereto, of the guides for both cutter-head and racks, arranged perpendicularly to the plane of the elevator, the pinions mounted on said guides and engaging in said racks, and the levers or arms for operating said pinions, a cutter consisting of a number of points entering the ice in such a manner as not only to cut but to groove it at one operation, and an ice elevator adapted to positively force the ascending cakes of ice into contact with the cutter and groover, all constructed substantially as described, so that the depth of the cut may be directly and positively regulated by means of the levers, and the ice at the same time properly grooved for storage."

The only difference between said original and this amended claim consists in the insertion in the latter of the following language:

"A cutter consisting of a number of points entering the ice in such a manner as not only to cut but to groove it at one operation, and an ice elevator adapted to positively force the ascending cakes of ice into contact with the cutter and groover."

The primary examiner and the examiner in chief of the patent office rejected said claim, and the commissioner of patents affirmed the decision of the examiner in chief. The complainant thereupon appealed to the court of appeals of the District of Columbia, which sustained the decision of the commissioner of patents in refusing to allow said claim. Complainant thereupon filed this bill.

It is unnecessary here to discuss the construction or operation of the patented machine or the prior art. All these matters have been fully considered in the opinions of the tribunals hereinbefore referred to. The questions herein presented are as follows: (1) Does the addition of new matter to said claim affect the patentability of the combination? (2) If not, would the court of appeals for the Second circuit have decided differently if their decision had followed instead of preceded C. & A. Potts & Co. v. Creager, 155 U. S. 597, 15 Sup. Ct. 194? (3) Does the discovery of a portion of the Butterfield patent-office model affect the decision of this controversy? In the opinion of the court of appeals for the District of Columbia in Briggs v. Seymour, 78 O. G. 169, the court says:

"Nor does the addition to the present claim * * * of a cutter consisting of a number of points entering the ice in such manner as not only to cut but to groove it at one operation add anything new to the combination, for, as we have seen, that cutter was specifically described in reissued patent No. 11,060, and, besides, was shown in the specification and drawings of No. 367,267. Notwithstanding, therefore, the able and ingenious arguments made on behalf of the appellant, we must say that we think the commissioner was right in the conclusion that the whole combination had been substantially passed upon by the circuit court of appeals."

After independent examination, I concur in this opinion. It is admitted that the new matter in said claim specifies at most only two new elements: "A cutter, consisting of a number of points entering the ice in such manner as not only to cut but to groove it at one operation;" "an ice elevator, adapted to positively force the ascending cakes of ice into contact with the cutter and groover." But both of these elements are necessarily implied in the original claim which was held void for want of patentable novelty by the court of appeals in Briggs v. Ice Co., supra. In that case the court, by Judge Wallace, said:

"Assuming the ice elevator, although not specifically mentioned, ought to be regarded as an element of the claim, and recognizing the fact, as we must upon the proofs, that the other devices of the claim were never before assembled together in an ice elevator, nevertheless we are of the opinion that the claim is destitute of patentable novelty."

The other element, the cutter, must also be regarded as one of the elements covered by said original claim, not only because a cutter is necessary for the operation of said machine, but because the original claim specified such a combination with a "cutter-head, that the depth of the cut may be directly and positively regulated by means of the levers." Even if this were not so, this element would add nothing to the novelty of the combination, for precisely such a cutter was described in Briggs' prior reissue patent No. 11,060. Whatever uncertainty may have originally existed as to the scope or effect of C. & A. Potts & Co. v. Creager, supra, it is now settled that it did not announce any new doctrine, or modify the existing rules of law, so far as this case is concerned. The same principle had already been stated and applied in Blake v. San Francisco, 113 U. S. 679,

5 Sup. Ct. 692; Pennsylvania R. Co. v. Locomotive Engine Safety Truck Co., 110 U. S. 490, 4 Sup. Ct. 220; Aron v. Railway Co., 132 U. S. 84, 10 Sup. Ct. 24; and in Briggs v. Ice Co., supra, Judge Coxe, and the court of appeals affirming his decision, stated and applied the same rule. Judge Wallace says:

"When thus assembled together, the elevating mechanism performs no new functions, and the adjusting cutter mechanism performs precisely the functions it did in the Butterfield machine. It is wholly immaterial that the adjusting devices of Butterfield were designed to be used in a machine for planing wood. The application of an old organism to an analogous use is not patentable. * * * It is not invention to use an old combination of devices in a new location to perform the same operations, when no changes or modifications are required to adapt it to the new use, or when only such are required as can be made by the exercise of ordinary mechanical skill."

Since the decision of Briggs v. Ice Co., supra, the expert for complainant has discovered the damaged patent-office model of the Butterfield invention. The experts are at issue as to the purpose for which certain screw-threaded holes and slotted bars were shown in said model, and as to the consequent effect to be given to the statement in the Butterfield specification that the knife is adjusted to set at a required thickness. The evidence is not sufficiently definite to narrow the scope of the Butterfield patent as already construed by the various courts. All the elements of the patented combination were old, the principle of their combined operation was disclosed in the prior art, and the modified adjustment and operation required only mere mechanical skill. Let the bill be dismissed.