## F. E. MYERS & BRO. v. FAIRBANKS, MORSE & CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1912.)

No. 1,756.

1. PATENTS (§ 328*)—INVENTION—POWER FORCE-PUMP.

The Myers patent, No. 670,902. for a power force-pump, is void for lack of invention, in view of the Walrath patent, No. 281,809, for a steam engine, which accomplished the object stated by Myers to be the purpose of his device in practically the same way; no invention being required to adopt the same means to accomplish the same end in a pump.

2. PATENTS (§ 27*)—INVENTION—ADAPTATION OF OLD MEANS TO ANALOGOUS SUBJECT.

It does not involve invention to apply an old process or machine or idea to a similar or analogous subject, with no change in the manner of the application and no substantially different result.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 31, 32; Dec. Dig. § 27.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Francis E. Myers and Phillip A. Myers, partners as F. E. Myers & Bro., against Fairbanks, Morse & Co. Decree for defendant, and complainants appeal. Affirmed.

H. A. Toulmin, for appellants.

Howard M. Cox and Dwight B. Cheever, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. This is an appeal from a decree dismissing the bill in a suit by Francis E. Myers and Phillip A. Myers, under the partnership name of F. E. Myers & Bro., against Fairbanks, Morse & Co., alleging infringement of the Myers patent, No. 670,902, March 26, 1901, for improvements in power force-pumps.

[1] The object of the patentee is stated by him in his patent thus:

"My invention relates to power force-pumps; and the object thereof is to provide a compactly-built pump, adapted to operate in the ordinary way, having great strength and of few parts, so that an efficient device may be built at a comparatively small cost."

And further:

"As it is the object of this invention to reduce the number of parts of the pump, to lessen the cost of manufacture of the same, and to arrange the parts thereof in a compact form and in such positions that the strain will be at the minimum, I have sought to use and place every part of the pump to the best advantage."

The claim is:

"In combination in a pump, the horizontal cylinder, a power-shaft, a bearing for the power-shaft carried by the cylinder-head at the upper part thereof, a transmitting-shaft, a bearing therefor also carried by the cylinder-head centrally thereof and below the upper bearing, the toothed wheels on the transmitting-shaft and extending along each side of the horizontal cylinder, the pinions on the power-shaft engaging with the toothed wheels, the pitmen,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

one on each side of the cylinder connected to the toothed wheels, and the connection between the pitmen and the piston-rod, substantially as described."

Appellants' counsel in his brief says:

"The pump of this patent * * * comprises a mechanical entirety, whose component parts are incapable of division or separate use."

After paraphrasing the description in the patent itself, appellants' counsel goes on to say:

"It is observable that all these working parts are mounted upon or carried by the cylinder structure; that in this sense the pump is self-contained; that the two shafts are close up to the cylinder, *with no lost space* between them; that all strains produced by the pumping action in drawing and forcing water are met ultimately by the cylinder."

And:

"The claim of the patent is directed to cover this unique and distinctly new entirety, whose component parts are incapable of division or separate use."

Appellants' chief expert says in answer to the question:

"Please state briefly what you understand to be the invention embraced in and covered by this patent. A. (1) The patent in question relates to power force-pumps and appears to set forth a distinctly peculiar organization of parts to bring about an exceedingly compact structure for efficiency and one susceptible of economical construction."

It will thus be seen that what is claimed for Myers is that he took various elements, each of which was old, and brought them together in a new unitary structure. The object was to produce a pump that is "self-contained" and compactly and economically built. The idea was to mount the cylinder upon a strong base and to attach all of the working parts to the cylinder, "as distinguished from putting the cylinder on a frame and carrying the shafts some distance from the cylinder on another and distant part of the frame," as stated by appellants' counsel in his brief.

If Myers had been the first to accomplish this, it might be necessary to inquire whether it involved invention; but, was Myers the first to conceive the idea set forth in his patent and embodied in his pump? If he was not, the decree below should be affirmed. We think the idea of this patent is clearly foreshadowed in the Walrath patent, No. 281,809, issued July 24, 1883. Walrath claimed to have "invented certain new and useful improvements in steam engines," and he stated the object of his invention as follows:

"This invention was designed more especially to improve and simplify the construction of the steam engine of such steam pumps as are used on portable and traction engines, where they are subjected to rough usage, in most cases by unskilled persons. However, the invention is applicable to other steam engines. My object is to use as few parts as possible in a compact arrangement, so that the steam engine shall be less liable to get out of order than the steam engines now usually employed in steam pumps, and so that the parts may be built very strong, without unduly adding to the weight of the engine."

The court below said of this Walrath patent:

"The Walrath patent, No. 281,809, for a steam engine, is an extremely close approach to whatever advantages there might be in the assembling of the various parts of the patent in suit. This shows a cylinder-head carrying an

integral bearing for the fly-wheel shaft. The pitman and its connection with the piston-rod very closely resemble that of the patent in suit. Duplicate the pitman and wheel of this patent, add speed-reducing gearing of the patent in suit, making, of course, the necessary changes in the cylinder to adapt it to be used as a pump, and we have an exact copy of the device of the patent in suit. Walrath had precisely the same objects in mind as Myers; i. e., compactness, simplicity, and the use of few parts. Certainly a designer of pumps would find in this Walrath patent the broad essential ideas of the pump of the patent in suit."

We not only agree with the court below that "Walrath had precisely the same objects in mind as Myers, i. e., compactness, simplicity, and use of few parts," but we think that he accomplished it in the same way. He mounted the cylinder upon a strong base and attached the working parts to the cylinder. He had the same problem to solve as Myers, and he solved it in the same way, and for so doing he procured a patent for a steam engine for a steam pump. ·

[2] It does not involve invention to apply an old process or machine or idea to a similar or analogous subject, with no change in the manner of the application and no substantially different result. Blake v. San Francisco, 113 U. S. 679, 5 Sup. Ct. 692, 28 L. Ed. 1070. Walrath taught Myers that the way to get the result desired in a steam engine was to mount the cylinder on a strong base and attach the working parts to the cylinder in the manner shown in his patent. It cannot amount to invention to adopt the same means to accomplish the same end in a pump.

The decree dismissing the bill is affirmed.