## CONTINENTAL SCALE CORPORATION v. HARRISON WHOLESALE CO.

### No. 8042.

Circuit Court of Appeals, Seventh Circuit.

Dec. 23, 1942.

John A. Marzall and George I. Haight, both of Chicago, Ill., for appellant.

David S. Kane and Philip T. Dalsimer, both of New York City, and Charles W. Hills, Jr., and Samuel W. Kipnis, both of Chicago, Ill., for appellee.

Before MAJOR, KERNER and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decree, entered February 18, 1942, dismissing plaintiff's complaint in a patent infringement suit. Four patents are involved, namely, Cameron No. 1,646,009, issued October 18, 1927, on an application filed March 26, 1926; Weber No. 1,824,698, issued September 22, 1931, on an application filed May 10, 1926; Barler, et al., No. 2,066,243, issued December 29, 1936, on an application filed February 2, 1934; and Weber and Vanderhoff No. 2,224,327, issued December 10, 1940, on an application filed October 2, 1936. The District Court found infringement as to a number of the claims in suit, but at the same time decreed all four of the patents invalid for want of invention, in view of the prior art.

Plaintiff, by assignment, acquired title to and has been the owner of the Cameron and Weber patents since December 18, 1936; by assignment, acquired title to and has been the owner of the Barler, et al. patent since December 29, 1936, the date of issue; and, by assignment, acquired title to and has been the owner of the Weber and Vanderhoff patent since December 10, 1940, the date of issue. All of the patents in suit have to do with scales or personal weighing devices. Plaintiff characterizes the patents of Cameron, Weber and Barler, et al. as calling for bathroom scales and the patent of Weber and Vanderhoff as calling for a baby scale.

Plaintiff has long been engaged in the manufacture and sale of personal weighing scales, that is, scales for weighing persons, such as those used in hospitals, bathrooms and nurseries. The scales alleged to infringe, sold by the defendant, were manufactured by the Jacobs Bros. Co., Inc., which has for over twenty-five years been engaged in the manufacture of industrial, grocery and business scales, in addition to

bathroom and other scales of that class. Jacobs Bros., as the manufacturer of the alleged infringing scales, is defending the instant suit.

It is obvious (as the record discloses) that devices, commonly called scales, for measuring the weight of persons and objects, have long been in general use. One familiar type determines the weight of an object by the elongation or compression of a spring. A more modern type combines a spring with levers so that the object to be weighed rests on a platform supported by levers, thereby decreasing the weight on the spring. The extent of the weight upon the spring is dependent largely upon the manner in which the levers are arranged, as well as their size and length. We think there is no dispute but that the lever and spring mechanism for determining weight had long been in use prior to the patents in suit. In the patent field vernacular, it was old in the art.

This brings us to a consideration of the alleged inventions of the patents in suit. As is often the case, counsel for the plaintiff is quite fulsome in praise of the high degree of inventive genius displayed, so much so that we almost wonder how the present generation could endure without a weighing machine in the bathroom. On the other hand, counsel for the defendant brands this claim of genius with such disparaging language that we wonder why invention was claimed, much less recognized by the Patent Office.

As to the patents of Cameron, Weber and Barler, et al., plaintiff in its brief states:

"The advantages of the inventions of the first three patents in suit are many:

"1.  Compactness.

"2.  More easily storable.

"3.  Lighter in weight.

"4.  Cheaper.

"5.  Low—the perching on the high scale eight inches above the floor in the prior art is avoided. This is particularly important to elderly people, invalids, etc.

"6.  Not tippy—this avoids the danger of falling and is particularly important in the case of elderly people, invalids, etc.

"These advantages, plus the novelty of the structures, spell invention."

It thus appears that plaintiff has solved the same problem by each of these patents, although it argues in its reply brief that each of the patent disclosures made a substantial contribution toward the advantages relied upon for invention.

Claims 1, 3, 4, 5, 6, 7 and 8 of the Cameron patent are in suit. Claims 1 and 6 are said to be typical.[1] There seems to be little, if any, dispute but that a scale calling for a platform, stationed on levers, attached to a spring so as to register on a dial the weight of an object on the platform, was typical of such prior art patents as Chatillon 203,589, which shows a lever spring type scale with a pair of counterbalanced levers and with a longitudinally centrally positioned rotatable indicating device as called for in Cameron's claims. Plaintiff seeks, however, to distinguish Cameron from Chatillon and other prior art patents on the element of its claim (Claim 1) which calls for the location of the indicating device "within the area of the platform," and equivalent language in the other claims. The argument follows that by thus locating the indicator device, it was possible to make the present-day bathroom scale with its asserted advantages.

Plaintiff impliedly, if not directly, takes the position that the pertinent prior art must be limited to bathroom scales rather than to scales generally. It is claimed that the bathroom scale occupies a field unto itself, and that the result produced by their invention was different than that of the general purpose scales. We doubt if there is merit to this contention. It appears to us that the result to be achieved by any

---

[1] Claim 1. In a scale, the combination with a base, of a pair of counterbalanced opposed levers mounted thereon, a platform carried by said levers, and a rotatable indicating device located within the area of the platform and actuated by said levers.

Claim 6. A platform scale comprising a platform having a slot, of a base beneath the platform having supports extending upwardly through said slot, levers pivoted on the base and carrying the platform, a spring for counterbalancing the levers attached to said support on the base and extending through the slot in the platform, an indicating device also carried by said support, and actuating connections between the levers and indicating device.

weighing scale, whether it be of the bathroom, grocery store or livestock variety, is the same, that is, the determination of the weight of the person or object placed thereon. The result, of course, may be utilized for purposes as numerous as conditions and fancy may suggest. In the instant case, the result produced by a weighing device was utilized in the bathroom. So we are of the view that all weighing devices are a part of the art exemplified by the patents in suit.

It may be, as pointed out, that the patentee in Chatillon had in mind primarily a counter scale to be used in grocery stores and like places, although it is referred to in the specifications as a platform scale "of the kind used in families, etc." However this may be, the result achieved—that is, the weighing of an object placed upon a platform—is not unlike that disclosed by Cameron, and is produced by application of the same or similar principle. Chatillon, it is true, discloses its indicator device outside or away from the platform, making it inconvenient to be read by a person standing on the platform in weighing position. Turnbull No. 378,382 discloses a platform scale with a stationary dial or indicator in a plane horizontal with the platform. His specifications state: "Within the base the usual system of levers for the support of the platform is arranged." The indicating device, as shown by the drawings, overlaps and is to some extent within the area of the platform. It is also in a position where the registered weight may be readily ascertained by a person standing on the platform in weighing position.

■ It is claimed that a scale constructed according to this disclosure would not be as compact as that shown by Cameron. Compactness, however, is more or less a relative term. No doubt a device embodying the principles of Turnbull would, by some, be designated as compact, while a device embodying the principles of Cameron might by others be designated to the contrary. Of course, it seems reasonable to believe that it would be possible to construct a scale with the indicator contained in the radius of the platform, as taught by Cameron, which would occupy less space than if it were located without the platform. Assuming such to be the case, what was the new result which flowed from this change in construction? Certainly it was not that of weight registration, for that was effectively attained by the arrangement of the weighing devices then in existence. The fact that the result, when applied to a bathroom, was not contemplated by the inventor of prior art scales would not bring the former within the range of patentability. "A new application of an old device may not be patented if the 'result claimed as new is the same in character as the original result' (Blake v. San Francisco, 113 U.S. 679, 683, 5 S.Ct. 692, 694, 28 L.Ed. 1070), even though the new result had not before been contemplated." Cuno Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 41, 86 L.Ed. 58.

■ Neither do we think that the utilization of an established principle in a manner which produces the same or similar result amounts to invention. This is true, even though that result may produce the character of advantages asserted in behalf of Cameron. The application of the principle so as to produce such advantages was a matter within the range of those who were experts in the field of the scale industry and did not amount to invention. We hold that the Cameron patent is invalid.

■ Claims 8, 9 and 10 of the Weber patent in suit are relied upon. Claim 8[2] is said to be typical. The advantage claimed was a "low, flat, non-tipping scale occupying minimum space and adapted for storage under a bed, bathtub, radiator, etc." It is argued by plaintiff that after Cameron pointed the way toward a compact and safe bathroom scale, Weber and Barler, et al. (third patent in suit) "disclosed further meritorious advances in the same direction." Here again, all of the elements of the combination were old, and again it is sought to sustain invention by a rearrangement of such elements. The claims call for the location of a dial "so as to lie substantially in the same horizontal plane with the top of said casing," upon which

[2] Claim 8. In a device of the class described, the combination of a substantially shallow casing adapted to rest on the floor, operating mechanism mounted in said casing, a weighing platform of substantial area and a scale dial, a shiftable member mounted adjacent said scale dial, and means for mounting said platform and dial on said casing, so as to lie substantially in the same horizontal plane with the top of said casing, and actuating connections from said operating mechanism to the shiftable member of said scale dial.

the platform is mounted. This is the element primarily relied upon, although it is stressed that the disclosure as to a shallow casing upon which the platform rests was also of importance. Turnbull No. 378,382 (referred to in connection with Cameron), so far as we can tell, contains all of the elements of these claims except that his dial is placed above the platform rather than in a substantially horizontal plane therewith. Powers No. 1,233,124 and Weber No. 1,382,699 also disclose dials horizontal with but higher than the platform. It is said, however, that Turnbull discloses a platform rather than a bathroom scale, and that Powers and Weber are typical of the high, tippy, prior art bathroom scales. Assuming this to be a fact, as we think it is, we are unable to believe that the mere rearrangement of the elements was an inventive conception. The same well-known principle was employed and no new result obtained. The most that can logically be deduced is that this result was given application in a manner suited to the place the scale was to be used. We think there was no invention.

■ Claims 2 and 6 of Barler, et al., patent in suit, are relied upon. Claim 6[3] is said to be typical. If verbosity of language was an aid to invention, the patentee would occupy a rather favorable position. We are better able to understand the disclosure of this patent by a study of plaintiff's brief, rather than a study of the claims. In its brief it is stated: "The new principle taught by this disclosure is the utilization in the bathroom scale of a horizontal indicator and the arrangement of the indicator immediately above the platform-carrying lever system at one end of the scale, to accomplish the ultimate in compactness, all of the parts being within a zone defined by the periphery of the platform which is made just large enough to receive human feet." Of these three so-called "bathroom scale patents," Cameron

disclosed a scale which was compact, Weber a scale which was more compact, and Barler, et al. one which was most compact, or, as stated by plaintiff, "the ultimate in compactness." Defendant, in addition to Turnbull, heretofore referred to, also cites Litle patent No. 1,928,065 and Weber No. 1,824,698 (in suit) as disclosing all of the elements shown in Barler, et al. Here again plaintiff does not contend that any new elements are disclosed in Barler et al., but it is the rearrangement of old elements so as to obtain greater compactness. What we have said concerning Cameron and Weber is also applicable to this patent. No new principle was taught, and we think that the claimed improvement was well within the range of those skilled in the industry. We hold it was not invention.

The Weber and Vanderhoff patent in suit, according to plaintiff's brief, teaches "the construction of an exceedingly compact scale of the balance beam type adapted particularly for the weighing of babies as well as general household purposes and characterized by unusual lightness, convenience and utility." This patent, as were the others in suit, was declared invalid by the District Court in view of the following prior art patents:

| | |
|---|---|
| Triner | 1,203,817 |
| Walker | 1,864,563 |
| Bousfield | 1,943,651 |
| Bousfield | 1,979,364 |
| Walker | 2,058,535 |
| Bousfield | 1,797,852 |

Plaintiff in its brief has not seen fit to discuss these prior art patents but contents itself with the statement that "these structures do not anticipate the claims in suit." We do not understand that it is seriously contended that they do; at any rate the District Court did not find anticipation. Its conclusion was predicated upon noninvention, in view of the art as disclosed by these patents.

---

[3] Claim 6. A weighing scale comprising a base of shallow configuration, weighing mechanism comprising substantially horizontally extending lever means fulcrumed in said base, a weight receiving platform enclosing the top of said base and carried by said lever means, yielding means on said base and operatively connected to resist tilting movement of said lever means in said base under the influence of a weight applied on said platform, an indicator comprising a relatively movable pointer and graduated dial, said dial extending horizontally between said platform and the lever means, indicator actuating means including a rotatable element and a driving element connected with the rotatable element and extending substantially horizontally between the dial and said levers, a tilting lever comprising a bell crank, one arm of which is connected to said driving element, and means engaging another arm of said bell crank for tilting the same in response to movement of the lever means.

Claims 1, 2, 4, 5, 7, 10, 11, 12, 13, 14, 15, 17, 18, 19, 21, 22, 25, 26, 28 and 30 are in suit. Plaintiff in its brief purports to state the new ideas or principles disclosed which are relied upon for invention. We assume that the disclosure as revealed in each of the claims is no more favorable to invention than plaintiff's statement. We, therefore, rely upon the statement, which obviates any occasion for setting forth the claims.

The statement is as follows:

"1. The sheet metal balance beam.

"2. The concealed poise and tare weights (the poise weights are those moved along the beam to balance the beam after the weight to be measured has been placed on the scale. The tare weights are the weights that are moved along the beam to balance the beam before the weight to be measured is placed on the scale).

"3. The manner of mounting the poise and tare weights.

"4. The construction and location of the beam supporting bracket as a sheet metal assembly on the scale base at one side thereof.

"5. The beam retaining means formed in the mounting bracket.

"6. The novel method of suspending the weight reducing lever system on sheet metal straps in the sheet metal box forming the base."

Defendant points out in a rather convincing manner that each of these elements are disclosed in the prior art patents. As stated, plaintiff does not argue to the contrary, but appears to rely upon the proposition that the instant patent is not anticipated by any single prior art patent.

The patent discloses a type of scale wherein the weight resting on a platform is applied to two levers which are in turn connected to a balance beam. The latter is fulcrumed by means of a fulcrum pin in bearings whereon movable weights can be moved toward or away from the fulcrum point and thus balance the weight applied to the lever system. The counter-balancing weights are mounted so that they can be moved along the beam in openings or slots in order to secure a scale balance. A tare weight to balance the scale before use is slidably mounted in grooves formed by two bent back flanges and movable by rack and pinion mechanism.

■ A study of the prior art patents leaves little room for doubt, so we think, that the so-called principles relied upon to sustain this patent were not novel. They had all been theretofore disclosed. A balance beam of sheet metal was disclosed by Triner, by Bousfield in both of his patents, and by Walker. Furthermore, we think there is no invention in the substitution of sheet metal for other forms of metal theretofore utilized.

■ The manner of mounting the poise and tare weights so that they are concealed consists, as we understand, in locating such weights to the rear of the beam. It is claimed that this arrangement is advantageous in that it prevents a baby's clothing from being caught on the weights. The weights as disclosed by Walker are movable in beam slots in the same fashion as disclosed by the instant patent. They differ, however, in that Walker positions his weights in front of the beam while in the instant patent they are positioned at the rear or back side of the beam and are movable by means of knobs located to the front of the beam. A reversal of the Walker beam would place the weights to the rear thereof. As a matter of convenience, it would appear desirable, although not necessary, to have knobs in front of the beam by which the weights could be moved. It is reasonable to believe that the location of these weights as disclosed in the instant patent is advantageous and perhaps an improvement over Walker, but we think it falls short of invention.

■ Defendant takes issue with plaintiff's contention that its beam supporting bracket is located at one side of the scale base, and contends that the drawings of the patent show it positioned not on the base but on the side wall of the frame. To us, this is a distinction without a difference so far as invention is concerned. At any rate, Triner suspends his beam by means of a bracket mounted on the frame. Bousfield apparently discloses a beam bracket attached to the bottom or base of the frame. It appears, therefore, that there is nothing new in the attachment of the beam bracket, whether it be attached to the base or side wall of the frame.

The beam retaining means formed in the mounting bracket appears to have been disclosed by Walker in No. 2,058,535. At any rate, he shows a beam retaining means designed to prevent a shifting of the beam

with respect to the supporting bracket. The idea of suspending the weight reducing levers in the scale box was disclosed by Triner. He shows two levers, as is shown in the instant patent, which are hung on what he denominates as bars. We think a mechanic would know which is the preferable means of suspending the reducing levers; in fact, the patentee evidently was himself in some doubt, for in claim 7 (and other claims) a pair of metallic bars is designated as the element to which the levers are to be attached.

In the baby scale patent, as in the bathroom patents, it is suggested that the prior art did not teach a light, portable and convenient scale, useable also for general kitchen purposes. It may be, in fact we are inclined to so think, that the disclosure of Weber and Vanderhoff resulted in some improvement in scales of this character. Such improvement, however, was due in part to a rearrangement of that which had theretofore been disclosed, and more particularly to the utilization of a lighter and less expensive material. It did not amount to invention.

Inasmuch as we agree with the District Court that all of the patents in suit are invalid, in view of the prior art, and that the decree appealed from must accordingly be affirmed, we see no reason to discuss or decide the issue of infringement.

The decree is affirmed.