**PAUL L. DODDS COMPANY, a corporation, Appellant,**

v.

**HARRY LISS & ASSOCIATES, INC., et al., Appellees.**

**HARRY LISS & ASSOCIATES, INC., et al., Cross-Appellants,**

v.

**PAUL L. DODDS COMPANY, Cross-Appellee.**

Nos. 21360, 21360A.

United States Court of Appeals Ninth Circuit.

Oct. 2, 1967.

Jack E. Hursh, Mellin, Hanscom & Hursh, San Francisco, Cal., for appellant and cross-appellee.

Robert D. Hornbaker, Mahoney, Halbert & Hornbaker, Santa Monica, Cal., for appellee and cross-appellant.

Before BROWNING and ELY, Circuit Judges, and BELLONI, District Judge.

PER CURIAM:

The district court held that claim 5 of Dodds Patent No. 3,003,730 was valid, but that it was not infringed by the Liss device. Both sides have appealed.

Claim 5 of the Dodds patent discloses a cantilever counter stool used in restaurants and like installations. All elements of the patented device are found in Dodds 2400 Cantilever Stool (an unpatented stool admittedly in the public domain when the patent in suit was applied for), except that the patented stool is made adjustable by telescoping the seat support tube into a separate base support tube and inserting a locking device.

Making a known device adjustable rarely involves invention, since adjustability and the means to accomplish it are elements of ordinary mechanical knowledge and skill in virtually every art. See Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943); Koochook Co. v. Barrett, 158 F.2d 463, 466 (8th Cir. 1946). It was so in the present case. Prior art Blayney Patent No. 1,254,969 and Straith Patent No. 1,337,103 disclose seats adjustable with respect to a table. Dean Patent No. 612,489, Marty Patent No. 624,232, Schwartz Patent No. 1,379,784, and Tveten Patent No. 2,275,330 accomplished adjustability by the telescoping of metal tubes. The locking device employed in the patent in suit is disclosed

in Schwartz Patent No. 1,379,784, Tveten Patent No. 2,275,330, Noble Patent No. 2,816,769, and French Patent No. 879,-842.

We are satisfied that the patented combination would have been obvious to a mechanic of reasonable skill having knowledge of Dodds 2400 Cantilever Stool and the prior art patents referred to. The device disclosed in claim 5 of Dodds Patent No. 3,003,730 fails to meet the requirement of section 103, and the claim is therefore invalid.

Reversed.